UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUSTIN and ADRIANA SKAINS, on behalf of two minor children, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>LAKE CENTRAL SCHOOL CORPORATION, et al., )<br><br>Defendants. ) | Case No. 2:21-cv-394 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Costs and Attorney Fees [DE 51] filed by the defendants on August 17, 2023. For the following reasons, the motion is **GRANTED**.

*Discussion*

COVID, and the restrictions imposed by various units of government, created controversies in 2020 when the pandemic started, and these issues continue to be debated today. Prior to the 2020-2021 school year, the Lake Central School Corporation imposed a mask requirement for its students and faculty. In a multi-count complaint, the plaintiffs raised federal and state constitutional as well as state statutory challenges to that policy. The only challenge that arguably had merit was overlooked.

The mask policy was controversial with school board members in addition to the plaintiffs, other students, and parents. The recommendation of the Superintendent, Larry Varacco, was voted down by the School Board on August 2, 2021. After some lobbying by the Superintendent, the Board agreed to reconvene on August 6, 2021. This time the challenged mask policy was adopted.

Indiana law requires a 72-hour notice before a School Board meeting. Arguably, the special meeting was scheduled without proper notice. The plaintiffs had the option of seeking injunctive relief in state court based on a violation of state law. Of course, that relief would have been short lived because the Superintendent could have scheduled a third meeting after proper notice. Instead of a straightforward, one issue complaint, the plaintiffs chose a shotgun approach which lacked merit.

In the motion for summary judgment, the defendants argued the law. In the response, the plaintiffs argued public policy. In our system of government, the courts resolve legal disputes, and the political branches address issues of public policy. Granting the motion was the only possible outcome. The plaintiffs' strategy has resulted in the pending motion for sanctions.

The defendants are seeking costs and attorney fees as the prevailing parties. Two different standards must be applied in evaluating their requests. Under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, a prevailing party, whether the plaintiff or the defendant, is entitled to recover certain litigation expenses. These expenses do not include attorney fees.

In a § 1983 proceeding, the prevailing plaintiff is entitled to recover attorney fees under Section 1988 in addition to the damages awarded by the jury. However, a prevailing defendant is entitled to an award of fees only if the claim was frivolous or brought in bad faith. The standard for awarding attorney fees to a prevailing defendant under § 1988 mirrors fees as a sanction under Federal Rules of Civil Procedure 11(c).[1]

The Bill of Costs is based upon Rule 54(d) and § 1920. Although the imposition of those costs is not discretionary, the court must review the itemized costs and determine whether they

---

[1] The plaintiffs note that this case was filed in state court and removed to federal court by the defendants. Indiana Trial Rule 11 tracks Rule 11 and permits sanctions for frivolous cases.

2

come within the scope of Rule 54(d) and § 1920. The costs requested, $4915.75, are reasonable litigation expenses.

The request for attorney fees requires a two-part analysis. First, have the defendants met the exacting standard of § 1988 and Rule 11 to support an award of attorney fees? Second, are the requested fees in a reasonable amount under all of the circumstances?

Without question, the award of fees is justified. Unlike some cases where important evidence is in the hands of the defendant or third parties, the plaintiffs knew all the relevant facts before filing this lawsuit. Additionally, the plaintiffs' attorney never cited any case authority, legal treatise, or law review article in support of any of the legal issues raised in the complaint. Without citations to some legal source, the plaintiffs cannot claim they attempted to "modify, reverse and to establish new law regarding the mask mandate…." [DE 53, p. 4]. Therefore, the complaint lacked both a factual and a legal basis. The fact that the defendants sent Rule 11 letters to the plaintiffs demonstrates they had ample notice the complaint lacked merit.

The only issue subject to a reasonable dispute is the amount of the attorney fees. The plaintiffs have objected to fees incurred before the Rule 11 notice from the defendants. However, the complaint lacked merit from its inception. The plaintiffs chose to ignore the warning from the defendants and proceeded with the case. They did so at their own peril — an amount of attorney fees in the amount of $11,005.05.

Based on the foregoing reasons, the defendants' motion for attorney fees [DE 51] is **GRANTED.** The defendants are awarded $4,915.75 in costs and $11,005.05 in attorney fees.

ENTERED this 13th day of September 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge